Milton W. Hathaway, Jr., SBN 005442
mhathaway@mshwlaw.com
MURPHY, SCHMITT, HATHAWAY, & WILSON, P.L.L.C.
PO Box 591
Prescott, AZ 86302-0591
(928) 445-6860
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Rose, individually, as the personal representative of the Estate of Michael Daryle Rose, deceased, and on behalf of the statutory beneficiaries of Michael Daryle Rose; Virginia Rose, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>William B. Pribil, in his individual and official capacity as Sheriff of Coconino County;<br><br>Cameron Stoppe, in his individual capacity as a Coconino County Sheriff's Office detention officer;<br><br>Joseph Ellis, in his individual capacity as a Coconino County Sheriff's Office detention officer; and<br><br>Tyler Romney, in his individual capacity as a Coconino County Sheriff's Office detention officer,<br><br>Defendants. | Case No. 3:15-cv-08150-PGR<br><br>**ANSWER** |

Defendants, in answer to Plaintiffs' Complaint, admit, deny and allege as follows:

1. Defendants admit the allegations of paragraph 1 of Plaintiffs' Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiffs' Complaint and, therefore, deny same.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiffs' Complaint and, therefore, deny same.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiffs' Complaint and, therefore, deny same.

5. Defendants admit the allegations of paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit the allegations of paragraph 6 of Plaintiffs' Complaint as those relate to the use of deputies. Defendants deny the remaining allegations of paragraph 6 of Plaintiffs' Complaint.

7. Defendants deny the allegations of paragraph 7 of Plaintiffs' Complaint.

8. Defendants deny the allegations of paragraph 8 of Plaintiffs' Complaint as to this Defendant's current employment. Defendants admit the remaining allegations of paragraph 8 of Plaintiffs' Complaint.

9. Defendants deny the allegations of paragraph 9 of Plaintiffs' Complaint as to this Defendant's current employment. Defendants admit the remaining allegations of paragraph 9 of Plaintiffs' Complaint.

10. Defendants deny the allegations of paragraph 10 of Plaintiffs' Complaint as to this Defendant's current employment. Defendants admit the remaining allegations of

paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit the allegations of paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit the allegations of paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit the allegations of paragraph 14 of Plaintiffs' Complaint as they relate to 28 U.S.C. §§ 1331 and 1343 but deny the remaining allegations of that paragraph.

15. Defendants admit the allegations of paragraph 15 of Plaintiffs' Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiffs' Complaint and, therefore, deny same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiffs' Complaint and, therefore, deny same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiffs' Complaint and, therefore, deny same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiffs' Complaint and, therefore, deny same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Plaintiffs' Complaint and, therefore,

deny same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of Plaintiffs' Complaint and, therefore, deny same.

22. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

23. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

24. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

25. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with

Plaintiffs' decedent more accurately details those contacts.

26. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

27. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

28. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

29. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

30. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him. Defendants deny the

allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

31. Defendants admit that Defendants Stoppe, Ellis and Romney had contact with Plaintiffs' decedent which included efforts to restrain him.  Defendants deny the allegations of Plaintiffs' Complaint may accurately describe the sequence or substance of those contacts and affirmatively allege that the videos of their interaction with Plaintiffs' decedent more accurately details those contacts.

32. Defendants admit that Plaintiffs' decedent was pronounced dead at the scene at 12:58 a.m..  Defendants deny the remaining allegations of paragraph 32 of Plaintiffs' Complaint.

33. Paragraph 33 of Plaintiffs' Complaint requires no response.

34. Defendants admit the allegations of paragraph 34 of Plaintiffs' Complaint.

35. Defendants admit the allegations of paragraph 35 of Plaintiffs' Complaint, but deny its applicability under the facts of this case.

36. Defendants deny the allegations of paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the allegations of paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations of paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations of paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations of paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations of paragraph 41 of Plaintiffs' Complaint.

42. Paragraph 42 of Plaintiffs' Complaint requires no response.

43. Defendants deny the allegations of paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations of paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations of paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the allegations of paragraph 46 of Plaintiffs' Complaint.

47. Paragraph 47 of Plaintiffs' Complaint requires no response.

48. Defendants admit the allegations of paragraph 48 of Plaintiffs' Complaint.

49. Defendants admit the allegations of paragraph 49 of Plaintiffs' Complaint as they relate to the statutory language but deny the remaining allegations of that paragraph.

50. Defendants deny the allegations of paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations of paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny any and all allegations of Plaintiffs' Complaint not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

As and for their affirmative defenses, these answering Defendants allege as follows:

1. Absolute immunity

2. Qualified immunity.

3. Lack of standing.

4. Failure to state a claim upon which relief may be granted regarding Plaintiffs' individual claims alleging violation of their personal constitutional rights.

5. Failure to state a claim upon which relief may be granted for Fourth Amendment violations personal to Plaintiffs' decedent.

6. Failure to state a claim upon which relief may be granted for alleged

Fourteenth Amendment violations which are personal to Plaintiffs' decedent.

7. Failure to state a claim upon which relief may be granted for failure to supervise and train.

8. Failure to join an indispensable party.

9. The sole and/or contributory negligence of Plaintiffs' decedent.

10. Plaintiffs' decedent assumed the risk of injury.

11. A.R.S. § 12-711.

12. A.R.S. § 12-712.

13. Failure to state a claim upon which relief may be granted for exemplary damages.

14. Failure to comply with A.R.S. Section 12-821.01.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request that Plaintiffs' Complaint be dismissed, that judgment be entered in their favor, that they be awarded their costs incurred herein and for such other and further relief as the Court deems just.

DATED this 20th day of November, 2015.

                            MURPHY, SCHMITT, HATHAWAY, & WILSON, P.L.L.C.

                            By *s/Milton W. Hathaway, Jr.*
                                  Milton W. Hathaway, Jr.
                                  Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I, Milton W. Hathaway, Jr., an attorney, do hereby certify that on this 20th day of November, 2015, I electronically submitted the foregoing **ANSWER** using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Joel B. Robbins, Esq.
Anne E. Findling, Esq.
ROBBINS & CURTIN, p.l.l.c.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Attorneys for Plaintiff

MURPHY, SCHMITT, HATHAWAY, & WILSON, P.L.L.C.

By *s/Milton W. Hathaway, Jr.*
Milton W. Hathaway, Jr.